**SUYONO TJHIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74355.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Suyono Tjhin, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals sum-marily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005), we grant the petition for review and remand.

■ The IJ found that "nothing even happened to the respondent" and that there "is nothing at all to indicate that he is ethnic Chinese." Substantial evidence does not support the IJ's finding because Tjhin testified that he is Chinese. *See Ge v. Ashcroft*, 367 F.3d 1121, 1127 (9th Cir. 2004) (credible testimony is accepted as true). Additionally, Tjhin testified that he was harassed in school, his parent's shop was burned, his house was targeted for burning, he and his family were pulled from their car by an anti-Chinese mob while the car was doused with gasoline and set afire, and that the mob tried to grab his young sister. Accordingly, substantial evidence does not support the IJ's finding that "nothing" happened to Tjhin. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir.2004) (persecution may be emotional or psychological).

■ The IJ's finding of changed circumstances regarding interreligious violence failed to address Tjhin's fears that he will be harmed due to his Chinese ethnicity. *See Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004) (concluding that ethnic Chinese Indonesians are a "disfavored group" and that past threats and violence demonstrate an individualized risk of future persecution). Lastly, the fact that Tjhin remained in Indonesia unharmed for three years

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

does not necessarily undercut his claim of a well-founded fear of future persecution. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000).

Therefore, we grant the petition and remand for further proceedings on Tjhin's asylum, withholding of removal and CAT claims consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**